# Frank Weeks et al. v. Samuel L. Holmes et al.

1. JUDGMENTS—*When Equity Will Take Jurisdiction of a Bill to Set Aside a Judgment.*—Before equity will take jurisdiction of a bill to set aside a judgment on the ground of fraud, practiced in making statements that the action in which the judgment was rendered had been abandoned and dismissed, it is necessary for the complainant to show in his bill not only that the judgment is an unjust one, but also that he has not been negligent in making his defense to it, in the suit at law.

**Bill to Set Aside a Judgment.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 4, 1902.

A. L. FLANINGHAM, attorney for appellants; HOLMES, LYNN & SHIRRA, of counsel.

MORSE IVES and DAVID K. TONE, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This was a bill in chancery filed to set aside a judgment at law, and for a new trial.

The bill alleged, as stated in appellants' brief, that in June, 1898, one Elias Holmes caused his minor son, Samuel L. Holmes, by John W. Wilson, his next friend, to commence an action against appellants in the Circuit Court of Cook County, to recover the sum of $730, alleged to be due from appellants to said Samuel as wages, for services as a laborer; that said appellants were served with summons, and appeared in said action by their attorney, Frank W. Baker, of the city of Chicago, and filed proper pleas in said cause, and the same was placed on the trial calendar in September, 1898, but not being reached for trial, the said suit was again placed upon the calendar made up in September, 1899, and about the first of November, 1899, appellant Frank Weeks was informed by the said Elias Holmes that he had dismissed said action brought in the name of said Samuel Holmes, or caused the same to be dismissed out of court, and that he did not wish to have

anything more to do with the attorney who began the suit. And the said Frank Weeks, appellant, informed his co-defendant in that case, Matilda S. Weeks, of the statements of the said Elias Holmes, and said appellants both relied thereon. That subsequent thereto, the said Samuel Holmes also informed the said appellant Frank Weeks that his father had dismissed said suit, and said appellants, relying upon these representations and being misled thereby, paid no further attention to said suit. That the statements made by the said Elias Holmes were false and fraudulent, and made for the purpose of misleading and deceiving appellants (defendants in that case), and did mislead and deceive them, and the said suit had not been dismissed, as represented by the said Elias Holmes, but still remained pending in said court.

And thereafter, at the March term, 1900, of said court, being the 23d day of March, the said Samuel L. Holmes and the said Elias Holmes caused said case to be taken up, without the knowledge of appellants, or either of them, and on their *ex parte* showing, obtained a judgment in the sum of $730 damages, as wages for labor and services, and $25 attorney's fees and costs of said suit. That the said Holmes caused the said case to be taken up and disposed of during the said March term, and, for the purpose of preventing appellants from moving during that term to set aside the said judgment, waited until after the expiration of said term of court, and caused to be issued an execution thereon, and levied and seized upon the household goods of appellants in said city of Chicago.

That appellants, nor either of them, were at the time indebted to the said Samuel L. Holmes in any amount whatsoever, and he had never been in the employ of them, or either of them. That the said Samuel L. Holmes would never have instituted said action but for the instigation of his father, Elias Holmes, and the whole proceeding was a scheme of the said Elias Holmes, by trickery and fraud to obtain a judgment against appellants on a pretended labor claim.

Defendants answered the bill, and denied that any statements had ever been made by any of the appellees, that said suit had been dismissed, and also set up that the judgment that was recovered in the Circuit Court was rendered for wages earned by said Samuel L. Holmes while in the employ of the appellants.

The case was heard before the chancellor, upon evidence adduced in open court, who, upon a consideration of all the evidence, dismissed the bill for want of equity.

An examination of the evidence shows that the Superior Court was entirely justified in finding that the failure by appellants to make their defense to said suit was not in consequence of alleged statements by appellees or any of them that the suit at law had been dismissed, but was the result of their own negligence, in not employing another lawyer to take the place of Mr. Baker, their first attorney, who had left the city some months before.

It is plain that before appellants were entitled to a decree they should have shown by a preponderance of the evidence, first, that their failure to interpose their defense to the action at law was occasioned by the statements of Elias Holmes and Samuel L. Holmes that the suit had been dismissed, and, second, that appellants had a good and valid defense to the action at law.

The evidence in support of either or both of said propositions was directly opposing. It was heard by the chancellor in open court, with the witnesses before him, and his finding ought not to be disturbed by a reviewing court unless it is clearly contrary to the manifest weight of the evidence.

Granting that the case made by the bill is one that equity would take jurisdiction of on the ground of fraud practiced in the making of the alleged statements, it was necessary for appellants to show not only that the judgment was an unjust one, but also that they had not been negligent in making their defense to it, in the suit at law.

The burden was on the appellants to show this, and there was a failure on their part in that regard. We can not

agree to appellants' contention that it was only required of them to show that their defense was proper and sufficient to present to a jury.

The decree dismissing the bill for want of equity must be affirmed and it is so ordered.